IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:09cr22 |
| | ) | |
| | ) | JUDGE HAYNES |
| TRAVIS EUGENE GAINES | ) | |

## MEMORANDUM

The United States of America filed a superseding indictment against defendant Travis Eugene Gaines, charging him with one count of being a previously convicted felon in possession of a firearm and two counts of possession with intent to distribute a controlled substance. The case involves a confidential informant ("informant").

Before the Court is the Defendant's motion to compel pre-trial disclosure of the informant's identity (Docket Entry No. 24), to which the Government responded. (Docket Entry No. 29). The Defendant also filed a motion to compel discovery or dismiss indictment. (Docket Entry No. 25). Defendant's motion to compel disclosure seeks the pre-trial disclosure of the informant's identity and a pre-trial interview pursuant to Roviaro v. United States, 353 U.S. 53 (1957). Defendant's motion to compel discovery seeks the pre-trial disclosure of impeachment information relating to the informant. The Court held a hearing on Defendant's motions on August 17, 2009 and the matter was taken under advisement. For the reasons stated below, Defendant's motions should be denied.

Defendant requests the pre-trial disclosure of the informant's identity and related

1

discovery materials alleging that the informant was a paid government agent, the only eyewitness to the firearm transaction, and that time is needed to investigate a possible entrapment defense. (August 17th Hearing). Defendant's motion to compel disclosure states, in pertinent part:

> The confidential informant in this case worked as an agent for the government, is alleged to have pressured Gaines into selling him a firearm, has built a relationship with Gaines in order to earn his trust, and is the linchpin upon which the government's case is built. The informant participated directly in the alleged transaction that forms the basis of the [firearms] charge. The law enforcement officers were not personally present during the alleged transaction, lost track of the informant and Gaines for some time in an alley, could not testify about the extent of the informant's history with the police department, could not testify about the extent of the informant's past relationship with Gaines, and produced an audio recording which was inconclusive at best and largely inaudible.

(Docket Entry No. 24, at 9-10).

The Government responds that the informant will testify as a witness at trial. (August 17th Hearing and Docket Entry No. 29, at 3). Because the informant will be subject to cross-examination at trial, the Government argues that Roviaro does not apply and pre-trial disclosure of the informant's identity is not required, citing United Sates v. Perkins, 994 F.2d 1184 (6th Cir. 1993). (Docket Entry No. 29, at 3). The Government further states that "[w]hen the confidential source testifies at trial, the defendant will be provided all Jencks[1] and Giglio[2] impeachment materials, which he may employ to cross-examine the confidential source. Therefore, contrary to his assertion otherwise, the defendant will be able to fully examine and explore the confidential sources's role in the offense."[3] (Docket Entry No. 29, at 4). The only rationale provided by the

---

[1] Jencks Act, 18 U.S.C. § 3500.

[2] Giglio v. United States, 405 U.S. 150 (1972).

[3] At the August 17th hearing, the Government represented that it would provide these materials in advance of trial, but did not specify when it planned to make such disclosure.

Government for withholding the identity of the informant is that "the defendant is not entitled to disclosure to the identity of the government's witnesses prior to trial." Id. at 1.

In Roviaro v. United States, the Supreme Court addressed the scope of the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violation fo law to officers charged with enforcement of that law." 353 U.S. at 59. In Roviaro, although the defendant made repeated demands for disclosure of the informant's identity, the government never disclosed the identity of the confidential informant and did not utilize the informant as a trial witness. Id. at 56, 65. Thus, the defendant did not have an opportunity to cross-examine the informant. The defendant argued that the trial court erred by permitting the government to withhold the identity of the informant. The Supreme Court stated that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61.

In making this determination, a balancing is required between "the public interest in protecting the flow of information against the individual's right to prepare his defense," "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62. In holding that the government should have been required to disclose the informant's identity, the Supreme Court explained:

> Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Durham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. Doe had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed an entrapment. He might have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who might have testified to petitioner's possible lack of knowledge of the contents of

3

> the package that he "transported" from the tree to John Doe's car . . .
>
> \* \* \*
>
> This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses.

Id. at 64.

In considering the balance of interests, a defendant's "[m]ere invocation of th[e right to compel production of informants] does not automatically outweigh the public interest in protecting confidential informants. Taylor v. Illinois, 484 U.S. 400, 414 (1988). An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial. U.S. v. Hanna, 341 F.2d 906, 907 (6th Cir. 1965)." United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992). "To overcome the privilege, the burden is on the [the defendant] to specifically show how disclosure of the informant's identity is essential to a fair trial or would substantively assist his defense." United States v. Leslie, No. 402CR039, 2002 WL 32059743, *4 (E.D. Tenn. Oct. 4, 2002) (citations omitted). See also Moore, 954 F.2d at 381 ("The burden was on [the defendant] to show how disclosure of the informant would substantively assist his defense.").

In the Sixth Circuit case of United States v. Perkins, the defendant filed a motion for a bill of particulars seeking the identity of a confidential informant. 994 F.2d at 1190. The trial court did not require the pre-trial disclosure of the informant's identity and the informant testified at the defendant's trial. On appeal, the Sixth Circuit held that the trial court did not abuse its discretion in refusing to require the pre-trial disclosure of the informant's identity. Id. at 1191. In so holding, the Sixth Circuit concluded that the case was distinguishable from Roviaro because the informant appeared and testified at trial and was subject to cross examination. Id.

4

The Sixth Circuit stated in pertinent part:

> [T]he government identified [the informant] by name in its opening statements. She was then called as a witness and subjected to extensive cross-examination. Defendant did not object to her testimony or request a continuance on grounds of unfair surprise. In these circumstances, the district court did not abuse its discretion in denying defendant Perkins' motion for a bill of particulars. Defendant was no more unfairly surprised by the testimony of [the informant] than he would have been by the testimony of any other government witness whose name had not been divulged to him prior to trial. In this connection, we would point out that during oral argument, counsel for Perkins admitted that he did not object to Berry's testimony and did not request a recess or continuance when she was called as a witness. Thus, Perkins has not shown that he was prejudiced in any way by [the informant's] testimony.

Id.

Here, it is undisputed that the informant helped to set up the commission of the firearm offense and was present at its occurrence. Roviaro, 353 U.S. at 62. However, unlike Roviaro, the Government has committed to calling the informant as a witness and the informant will be subject to cross-examination at trial. Thus, as to the Defendant's concern, he will have an opportunity to "'examine the man' who had been instrumental in setting up the transaction, was physically present and near to him, and took part in the transaction." (Docket Entry No. 24, at 8). There is also an audio recording of the transaction. Moreover, the Defendant has articulated only a potential defense strategy to justify the need for pre-trial disclosure of the informant's identity – that "the informant's testimony could be the essential evidence of an entrapment or other defense," such as a Sears[4] defense. (Docket Entry No. 24, at 8). "Mere speculation about the possible usefulness of an informant furnishes a court with nothing to balance against maintenance of the privilege." United States v. Bryant, 951 F.2d 350 (Table, text at 1991 WL

---

[4] Sears v. United States, 343 F.2d 139 (5th Cir. 1965).

5

Case 3:09-cr-00022   Document 38   Filed 09/02/09   Page 5 of 7 PageID #: 144

256555, * 5 (6th Cir. Dec. 2, 1991)) ("Although defendant pointed to circumstances that indicated that the informant actively participated in the drug transactions, he could not point to any evidence that the informant could support his defense. He did no more than indicate a desire to interview the informant in order to determine if he could be helpful to his defense.").

For the foregoing reasons, the Court concludes that pre-trial disclosure of the informant's identity is not required in this action. Perkins, 994 F.2d at 1190-91. See also United States v. Brice, No. 1:08CR-50-M, 2009 WL 2043554, * 1 (W.D. Ky. July 9, 2009) ("As the Sixth Circuit in Perkins made clear, 'where the informant testifies, the government need not have disclosed his identity prior to trial.'"); Leslie, 2002 WL 32059743 at *3 ("[I]f the informant testifies at trial, then there probably is no need to order disclosure of the informant's identity prior to trial."). Therefore, Defendant's motion to compel pre-trial disclosure of informant's identity (Docket Entry No. 24) should be denied.

The Defendant's motion to compel discovery seeks information relating to the informant, such as government payments, criminal history, prior testimony, promises of immunity and leniency, information about misconduct and untruthfulness, polygraph information, drug and alcohol use, and probation department records. To the extent the requested information falls under the purview of the Jencks Act or Giglio case doctrines, the Government is not required to provide such information to the Defendant at this juncture in the proceedings. See 18 U.S.C. § 3500; United States v. Presser, 844 F.2d 1275 (1988). Moreover, the Government has represented that it will provide Jencks Act and Giglio information about the informant to the Defendant in advance of trial. Accordingly, Defendant's motion to compel discovery or dismiss indictment (Docket Entry No. 25) should be denied.

An appropriate Order is filed herewith.

Entered on this the \_\_\_\_\_day of September, 2009.

                                                  WILLIAM J. HAYNES, JR.
                                                  United States District Judge